187 A.2d 667 (1963)
James F. REYNOLDS
v.
ZONING BOARD OF REVIEW OF the TOWN OF LINCOLN.
M. P. No. 1494.
Supreme Court of Rhode Island.
January 29, 1963.
*668 Gunning & LaFazia, Bruce M. Selya, V. James Santaniello, Jr., Providence, for petitioner.
Harry W. Asquith, Town Sol. for the Town of Lincoln, for respondent.
FROST, Justice.
This is a petition for a writ of certiorari to review a decision of the zoning board of review of the town of Lincoln granting an application for a variance under the zoning ordinance. Pursuant to the writ the respondent board has certified the pertinent records to this court.
On April 20, 1962 an application was filed with the board by Taddeo Construction & Leasing Corp. of Rochester in the state of New York, hereinafter referred to as Taddeo, for a variance to permit the erection of a bowling alley on a certain parcel of land 15 feet nearer to the lot line than was authorized by the zoning ordinance adopted March 28, 1961. Article IV thereof requires a minimum distance of 25 feet from structure to lot line.
The application states that Raymond J. VanDale and his wife are the owners of such parcel, which is located on Higginson avenue and designated as lot No. 424 on assessor's plat No. 6; that it has a frontage of 400 feet, a depth of 332.45 feet, and an area of 2 ¾ acres; and that the proposed building would cover an area of 140 feet by 230 feet.
It appears further that a permit to build a bowling alley 10 feet from the lot line was issued, that subsequently a newly-appointed building inspector recognized a violation of the building ordinance and halted the construction, and that thereafter construction was allowed to be resumed.
A hearing was held on May 9, 1962 at which a few remonstrants appeared whose objections were to conditions pending construction and to property damage caused by machines used in the construction of the building. On assurance that such conditions would be rectified and that the area would be properly landscaped, the application was granted and Taddeo was so notified by mail on May 15, 1962.
It does not appear that petitioner was present at the meeting of May 9. His mail address is given as 29 Cormier Road. Where that location is does not appear except that it is within the required area in which the landowners thereof must be given notice of the hearing on an application for a variance.
The position of petitioner appears to be that there was no evidence before the board which would support a valid finding that the variance should be granted. He asserts that the terms "public interest" and "hardship" were never mentioned before the respondent board; that the burden of proving these conditions rested upon the applicant; and that therefore the respondent board abused its discretion in granting *669 the variance. He further contends that the record furnishes no facts sufficient to support findings that the applicant was confronted with unnecessary hardship or that the public interest would be served by granting the variance.
This contention, in our opinion, is predicated upon petitioner's misconception as to the character of the variance for which this application was made. The applicant sought a variance from the provisions of the ordinance that prescribe restrictions as to the location of a permitted structure or use as related to the lot lines, but did not seek a variance from those provisions which restrict the uses to which land or structures thereon may be put.
It is apparent from the record that peculiar land conditions did exist at the site of the building here under consideration. The applicant contends that these were sufficient to require a location of the purported building within 10 feet of the easterly lot line. To legally encroach upon the lot line in such manner requires a grant of a variance from those provisions of the ordinance which establish such lot lines and limit the area of the lot on which the proposed structure may be erected.
In Viti v. Zoning Board of Review, R.I., 166 A.2d 211, this court made it clear that a board of review may exercise its discretion in granting a variance in the application of the terms of an ordinance which relate to the lot line restrictions without a showing of unnecessary hardship of the kind that must be made to warrant such an exercise of a board's discretion to vary the application of the terms of such an ordinance which establish restrictions on the use of land. We said at pages 64 and 213 respectively: "The circumstances of the instant appeal to the board, in our opinion, do not require the property owner to prove a loss of all beneficial use in order to establish a right to relief. Nor is the board required to find that the relief sought will serve the convenience or welfare of the public. Although the side and rear yard regulations are contained in the zoning ordinance * * * such regulations as are here considered do not constitute `zoning' as that term is generally construed. * * * They are regulations governing a permitted use as distinguished from the limitations on the use which one may make of his property." It is our opinion that in the instant case the record is sufficient to justify the action of the board in exercising its discretion and granting the particular variance sought.
The lot in question on its easterly side abuts an area zoned for industry, which would seem to make it less essential to prohibit building nearer than 25 feet from the line than would be the case if the land to the east were zoned residential.
Lot No. 211 which abuts the VanDale land on the east, according to the sketch before us, is owned by Sayles Finishing Plants. This is the land which would be most directly affected by the variance requested. It does not appear that there is objection to the requested variance from the owners of this lot.
The petitioner makes a valid criticism that the board has not set out in detail and with clarity its findings and its reasons therefor. While the reasons for its action may be very apparent to the board whose members are on the ground, as it were, it is essential that all residents of the town be informed with clearness of the action taken by their representatives. However, in the instant case there was a public hearing which was advertised in the newspaper, but which apparently aroused little interest except with a few people who were interested in seeing that their land was not trespassed upon by workmen in the construction of the bowling alley.
While the evidence might well be deemed scanty it was so largely because of the fact that no one was raising any real objections to the location of the bowling alley. The board's imposition of restrictions was in itself a strong indication that *670 it carefully considered the facts before granting a variance. Costantino v. Zoning Board of Review, 74 R.I. 316, 322, 60 A.2d 478.
After a careful review of the entire case we are of the opinion that the board's reasons for granting a variance were clear to the immediate landowners, were not arbitrary, and did not constitute an abuse of its discretion.
The petition for certiorari is denied and dismissed, the decision of the board is affirmed, the writ heretofore issued is quashed, and the records certified to this court are ordered returned to the respondent board with our decision endorsed thereon.

On Motion for Leave to Reargue.
PER CURIAM.
After our opinion in this case was filed, the petitioner by permission of the court presented a motion for leave to reargue setting forth certain reasons why justice requires a reargument of the case.
Upon consideration we are of the opinion that such reargument may be had, the same to be limited to the question raised in the motion for reargument, namely, the right to grant a variance without a showing of unnecessary hardship in this case.
As thus limited the motion for leave to reargue is granted.