THOMAS L. DEFELICE *et ux. vs.* ZONING BOARD OF REVIEW OF THE TOWN OF NORTH PROVIDENCE.

MARCH 27, 1963.

PRESENT: Condon, C. J., Roberts, Powers and Frost, JJ.

FROST, J. This is a petition for a writ of certiorari brought by a husband and wife to review the action of the zoning board of review of the town of North Providence in granting a variance to Cosmo J. Ricci and his wife Laura, hereinafter referred to as the applicants, thereby permitting them to build an addition to an existing building. Pursuant to the writ the pertinent records have been certified to this court.

The applicants are the owners of a lot of land with a building thereon, numbered 1530, on the southwesterly side of Smith street and numbered 406 on assessor's plat 8. The lot has a frontage of 60.58 feet and extends back 85 feet on one side and 106.22 feet on the other side.

On October 10, 1961 the building inspector granted an application and issued a building permit to the applicants authorizing them to construct an addition to the existing

dwelling house. The addition is on the front of the house and extends beyond the house on each side. Because the house is not parallel with the highway the westerly corner of the addition is 26.8 feet from the building line while the easterly corner is 10.5 feet from the building line. There is therefore a triangular portion of the addition which at the nearest point is 10.5 feet from the lot or street line. In other words a small triangular portion of the addition is within the 15-foot strip required to be between building and street line.

After receiving the permit the applicants proceeded with the construction of the addition. The foundation was laid and the addition boarded in when further work was halted by a restraining order obtained by petitioners. Thereafter on December 26, 1961 the applicants filed an application for an exception or variance seeking permission to build the proposed addition notwithstanding its encroachment somewhat on the 15-foot space required between the building and lot line. This application was heard January 25, 1962 and on February 2, 1962 the board granted a variance. Thereafter petitioners brought the instant petition.

The respondent board moved to dismiss the pending writ of certiorari on the ground that the decision of the board was a nullity because the issue presented therein was unnecessary and moot. On October 1, 1962 we denied the motion but without prejudice to its being again presented to this court at the final hearing of the petition on the merits.

The first question therefore is: Is the respondent entitled to have the writ quashed and the petition dismissed? On October 10, 1961 a building permit was issued. Work was promptly begun under the permit and was clearly visible to any passer-by. On November 24, 1961 a restraining order was issued by the superior court to halt further work on the building but not until forty-four days had passed since the issuance of the permit. The time within

which an appeal may be taken from the issuance of a building permit is thirty days as provided by art. X, sec. 4, of the zoning ordinance, which reads in part as follows:

"Appeals to the Board may be taken by any party aggrieved or by any officer, department, board, or bureau affected by any order or decision of the Zoning Inspector concerning the provisions of this ordinance. Such appeal shall be taken within a reasonable time as provided in the rules of the Board by filing with the Zoning Inspector and with the Secretary of the Board a written notice of appeal specifying the grounds for the appeal. In no case shall this reasonable time exceed thirty days."

Since petitioners, notwithstanding the open character of the work being done on the house, took no action to stop it for more than forty days, we are of the opinion that respondent would be entitled to have the writ of certiorari quashed in accordance with *Maynard* v. *Vigeant*, 42 R. I. 386, *Elmcrest Realty Co.* v. *Zoning Board of Review*, 78 R. I. 432, *Nolfi* v. *Zoning Board of Review*, 91 R. I. 444, 164 A.2d 695, and the recent case of *MacGregor* v. *Zoning Board of Review*, 94 R. I. 362, 180 A.2d 811, were it not for the fact that the applicants themselves were not without fault. It was discovered later that they were extending their building upon the 15-foot strip required to exist between the house and the street line and it was necessary for them to seek a variance from the board which they did. Under the circumstances we are of the opinion that respondent is not entitled to have its motion to dismiss granted and it is therefore denied.

We now come to a consideration of the action of the board in granting a variance to the applicants thereby permitting the extension of their building upon the so-called 15-foot strip. A public hearing was advertised and held on January 25, 1962 upon the application for the variance. Following the hearing the board met on February 1, 1962

and stated that after hearing testimony and inspecting the premises and the surrounding neighborhood it found that the applicants had acted in good faith; that neither they nor their agents were aware at the time of the erection of the addition that it extended out approximately 4½ feet in violation of art. III, sec. 2, of the zoning ordinance; that said encroachment resulted from error and mistake of fact as to the proper location of the property line; and that the granting of the variance would not be contrary to the public interest and would be in harmony with the general character of adjacent property and the neighborhood. The board also found that owing to special or peculiar site conditions enforcement of the provisions of the ordinance with respect to the small portion of the addition that extends within 15 feet of the front yard property line would result in unnecessary hardship to the applicants and that the unnecessary hardship which the applicants sought to avoid was not intentionally imposed by any prior action of theirs.

The petitioners state that the only issue is whether the zoning board acted legally in granting a variance to the so-called 15-foot setback requirement provided in the ordinance and they assert that the grant of a variance was an invalid exercise of the power of the board.

Whether it was wise to grant a variance may be a matter of one's view but we are of the opinion that the board had the power and authority to grant a variance if the facts warranted such action, and we think they did in this case. To be sure the original mistake was made by the applicants or by someone in their employ but we are of the opinion that it was an honest mistake, and it was so found to be by the board. The proposed uses of the addition, that is, a real estate office and a barber shop, are permitted uses for this land which is in a limited business district.

The petition for certiorari was brought to review the action of the board in granting relief from a section of the ordinance regulating distance between building and sidewalk. The pertinent ordinance requires a distance of 15 feet between building and lot line. This is not a residential district. The board found that to deny the use of the land under the existing circumstances would constitute to the owner an unnecessary hardship and that the neighboring property would not be substantially or permanently injured.

The petitioners assert in their brief that the applicants must establish by competent evidence that the application of the 15-foot requirement would deprive them of all beneficial use of their land. We think this is not so. In *Viti* v. *Zoning Board of Review*, 92 R. I. 59, 64, 166 A.2d 211, we said at page 213:

"The jurisdiction of the board to pass upon an application for a proper exception or variance is contained within subsections b and c of General Laws 1956, §45-24-19. The circumstances of the instant appeal to the board, in our opinion, do not require the property owner to prove a loss of all beneficial use in order to establish a right to relief. Nor is the board required to find that the relief sought will serve the convenience or welfare of the public.

"Although the side and rear yard regulations are contained in the zoning ordinance, the title of chapter 544 is 'An Ordinance Zoning the City of Providence and *Establishing Use, Height and Area Regulations,*' and such regulations as are here considered do not constitute 'zoning' as that term is generally construed. (Italics ours.) They are regulations governing a permitted use as distinguished from the limitations on the use which one may make of his property."

See also *Reynolds* v. *Zoning Board of Review*, 95 R. I. 437, 187 A.2d 667.

The final point made by petitioners is that the board acted arbitrarily in granting a variance. By that we as-

sume they mean that the board acted without reason or cause. They assert that the element of good faith on the part of the applicants has no bearing on the issue. We think quite the contrary. If their action in so placing the addition to the building was with full knowledge of what they were doing we would have an entirely different picture.

We are of the opinion that the board considered that the applicants were not conscious of any mistake, otherwise it would not have unanimously granted them a variance. It was granted because the board believed that the mistake made in locating the addition was not a conscious mistake but one which in the circumstances was understandable.

After a careful consideration of all the questions involved we are of the opinion that the petition should be denied.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered sent back to the respondent board with our decision endorsed thereon.

*Edward M. McEntee, James R. Morriss,* for petitioners.

*Michael A. Abatuno,* Town Solicitor for Town of North Providence, for respondent.

*Kirshenbaum & Kirshenbaum, William Young Chaika,* Amicus Curiae.