JAMES F. REYNOLDS *vs.* ZONING BOARD OF REVIEW OF
THE TOWN OF LINCOLN.

JUNE 4, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

ROBERTS, J. After our decision in the above case was filed we granted the petitioner's motion for reargument, *Reynolds* v. *Zoning Board of Review,* 95 R. I. 437, 187 A.2d 667, 670, stating therein that reargument was to be limited to the question whether the board had "the right to grant a variance without a showing of unnecessary hardship in this case."

In our original decision we denied and dismissed the petition for certiorari and sustained the action of the board in granting an application for a variance from the enforcement of certain provisions of art. IV of the zoning ordinance. These provisions prohibit the location of buildings within twenty-five feet of the lot line. The action of the board permitted the applicant to extend a building being erected to be used as a bowling alley to a point only ten feet from the lot line.

The petitioner's argument, as we understand it, is twofold. He first questions the authority of the board of review to grant a variance without a prerequisite finding of the unnecessary hardship contemplated in the enabling act, G. L. 1956, §45-24-19 (c), and secondly, its jurisdiction to hear and determine an application to vary ordinance provisions which prescribe lot lines.

His first contention misconceives the nature of the board's decision. It grants relief from a literal enforcement of the provision of the ordinance which prescribes lot lines in commercial zones. In our original opinion we concluded that while lot-line limitations are frequently set out in the form of provisions of a zoning ordinance, they are not regulatory of the use of land as such regulation inheres in the concept of zoning. In *Viti* v. *Zoning Board of Review,* 92 R. I. 59,

166 A.2d 211, we considered the nature of ordinance provisions which prescribed lot lines and said that these ordinance provisions "are regulations governing a permitted use as distinguished from the limitations on the use which one may make of his property." In other words, it is our opinion that there is a fundamental difference between zoning enactments that classify land uses and thereby designate the uses to which land may be put and the enactment of rules which are intended only to prescribe the manner in which such uses as are permitted may be exercised.

The true variance, for which provision is made in §45-24-19 (c) of the enabling act, is designed to preserve the constitutionality of the legislation. It is invoked to avoid the confiscatory effect that would follow a literal enforcement of some term of a zoning ordinance operating to deprive an owner of all beneficial use of his land. See *Denton* v. *Zoning Board of Review*, 86 R. I. 219. Where an owner of land asserts that the literal application of some provision of a zoning ordinance would be confiscatory by reason of its depriving him of all beneficial use thereof, the burden is on him to establish the confiscatory effect thereof by showing that unnecessary hardship will result from a literal enforcement of such provision.

It cannot be argued reasonably, except in some peculiar circumstance, that a provision of the zoning ordinance that merely prescribes lot-line restrictions must be found to be confiscatory by a board of review in order to give the owner relief therefrom. We are of the opinion that to impose a burden on a landowner of proving that degree of unnecessary hardship merely to obtain relief from such lot-line restrictions would be to make an extremely illiberal application of the ordinance.

We now reiterate the view that we took in *Viti* v. *Zoning Board of Review, supra,* with respect to which we held that to obtain relief from ordinance provisions which merely

regulate the manner in which a permitted use of land shall be implemented the owner thereof is not required to prove the unnecessary hardship contemplated in §45-24-19 (c). In other words, it is our view that when a board of review is passing upon an application for relief from such a provision, it properly may exercise its authority to vary the terms of such provision without requiring the applicant to establish that a literal enforcement thereof would deprive him of all beneficial use of his land.

There remains petitioner's contention that the board in the instant case was without jurisdiction to hear and determine applications for a variance from the terms of the ordinance provisions relating to lot lines. In this respect he argues that the zoning ordinance does not confer upon the board any authority to hear and determine applications for relief from the lot-line restrictions contained in the ordinance relating to commercial or business districts. This contention overlooks the well-settled rule that the jurisdiction of zoning boards of review is that prescribed in the enabling act and that the jurisdiction therein vested in such boards can neither be enlarged nor restricted by enactments contained in a zoning ordinance. *Mello* v. *Board of Review*, 94 R. I. 43, 177 A.2d 533.

It is our opinion, however, that in providing through such boards for a review of the decisions of administrative officers which relate to zoning ordinances and for the authorizing of exceptions and variances to the terms of such ordinances, it was the intention of the legislature to vest in such boards a jurisdiction sufficiently broad to accomplish its obvious purpose of subjecting to review the decisions of administrative officers in zoning matters. We cannot agree that in enacting §45-24-19 the legislature did not contemplate the development of various forms of regulation of land uses and for control of the manner in which such permitted uses would be implemented. In *Mello* v. *Board of Review, supra,* we noted that it is reasonable to presume

that in enacting §45-24-19 the legislature contemplated that any question as to the right of a landowner to an exception or variance would be brought before a board of review primarily by way of an appeal from the decision of an administrative officer, and this presumption is valid although the practice that has developed is otherwise.

However that may be, it is clear in the instant case that the question of the applicant's right to a variance in the enforcement of the lot-line restrictions was brought before the board of review by way of an appeal from the decision of the building inspector. The record discloses that the applicant had obtained a permit for the construction of the building which the building inspector subsequently suspended or revoked on the ground that he was without authority to permit the encroachment upon the lot-line provisions of the ordinance. It is clear that the instant appeal in substance is from a decision of the building inspector as authorized by the provisions of §45-24-19 (a), and that the parties treated the matter as if it were an application for a variance in no manner deprives the board of the jurisdiction thus obtained. Because we take this view, we see no merit in the petitioner's contention that the board was without jurisdiction to grant the instant variance.

We are of the opinion that the petitioner has not met the burden of persuading us that we misconceived either the authority of the board to grant a variance in the instant case or its jurisdiction to hear and determine the application made for such a variance. This being so, there is no necessity for making any change in our decision, and the case is remitted to the respondent board in accordance with our original opinion.

*Gunning & LaFazia, Bruce M. Selya, V. James Santaniello,* for petitioner.

*Harry W. Asquith,* Town Solicitor for Town of Lincoln, for respondent.