NORMAND J. LEVREAULT *vs.* TOWN OF LINCOLN BOARD

OF REVIEW.

NOVEMBER 18, 1964.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

PAOLINO, J. This is a petition for certiorari to review the decision of the Zoning Board of Review of the Town of Lincoln denying the petitioner's application for an exception or variance. Pursuant to the writ the pertinent records have been certified to this court.

The question raised in this proceeding is one of first impression. It involves the erection of a tower for an amateur radio station, commonly referred to as a "ham" radio station, in a residential area.

The petitioner and his son live in a house owned by petitioner in a single-family residence district zoned "RS-12." His land has a frontage of 80 feet on River Road and a depth of 170 feet. His residence and a two-car garage are located thereon. His son is a licensed amateur radio operator. He has an amateur radio station in his father's home which he operates solely for his own enjoyment. No question of commercialism is present in this case.

The petitioner proposes to erect a steel tower in his rear yard as an accessory structure to be used in connection with his son's radio station. The tower is described as a triangular structural steel support measuring 18 inches at the base and extending upward in a tapering fashion to a height of 50 feet. There is in the record uncontradicted evidence describing the safety measures that would be taken to protect the public safety. The tower would be used to sup-

port an antenna for transmitting and receiving messages by the son's radio station.

The application alleges that petitioner is seeking permission to erect the tower as an accessory structure under art. VIII, 3. b. of the zoning ordinance which reads as follows:

> "In a residence district a permitted accessory structure may cover up to 25% of the rear yard area but may be placed no closer than six feet to a lot line and no closer than 30 feet to a street line on a corner lot. Such an accessory structure may not exceed 15 feet in height except in an RA District."

The parties concede that the proposed tower is a "structure" and an "accessory use" within the meaning of those terms as defined in the ordinance. The record indicates without contradiction that the proposed tower will meet every requirement of the pertinent section of the ordinance with the exception of the height limitation. The application alleges that because of the peculiar nature of the terrain the 50-foot height is necessary in order to obtain results for transmission and reception purposes.

The petitioner applied for a special exception or a variance to relieve him from the height limitation prescribed in the ordinance. After the hearing the board denied the application in a brief decision as follows:

> "The Board, with all members present, considered your application and plans, etc. As there is no zoning hardship involved, and, as it would be incompatible with the surrounding property, it was voted not to approve the application. The vote was unanimous."

The board considered this application in accordance with the authority vested in them under revised art. XI, sec. 3 (2) B, of the ordinance which provides as follows:

> "B. A use designated as a special exception use in Article II and elsewhere in this ordinance * * * may be permitted by the Board following a public hearing only if, in the opinion of the Board, such use meets the following requirements:

1. It will be compatible with neighboring land use
2. It will not create a nuisance in the neighborhood
3. It will not hinder the future development of the town."

The principal ground on which the board based their denial is that the proposed tower would be incompatible with the surrounding property. However, a careful examination of the record fails to disclose any evidence, direct or inferential, to support this finding. On the basis of the record before us we are of the opinion that the board's finding on this point is arbitrary and an abuse of discretion and therefore vitiates their decision.

Although in the circumstances it is unnecessary to consider the petitioner's other contentions, it might be well to point out that the board could have considered this as an application for a variation in ordinance provisions regulating a permitted use. See *Viti* v. *Zoning Board of Review*, 92 R. I. 59, and *Reynolds* v. *Zoning Board of Review*, 96 R. I. 340, 191 A.2d 350. However since neither party has briefed or argued this point we are not called upon to pass on the same.

The petition for certiorari is granted, the decision of the respondent board is quashed, and the records certified to this court are ordered returned to the board with our decision endorsed thereon.

*Bernard E. Haggerty*, for petitioner.

*Harry W. Asquith*, Town Solicitor for Town of Lincoln, for respondent.