230 A.2d 419.

SPRAGUE-COVINGTON COMPANY *vs.* ZONING BOARD OF REVIEW OF THE CITY OF CRANSTON.

JUNE 5, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This is a petition for certiorari to review the decision of the zoning board of review of the city of Cranston denying the petitioner's application for a variance whereby it sought permission to level and pave two vacant lots thereby providing ingress and egress to another parcel of land owned by it whereon it had commenced the construction of an apartment building. The writ issued and in response thereto the pertinent records have been certified to this court.

It appears from the record that the two lots which are the subject of the instant application adjoin each other and are located on Fountain avenue in an area zoned residential. To the rear of these two lots is the parcel of land owned by petitioner. This rear lot had been zoned commercial and by virtue whereof petitioner started to build thereon two apartment houses each containing 12 dwelling units. This lot is surrounded by several other parcels of real estate, and entrance thereto is had by use of a roadway located at its northeast corner. This way begins at a street called Pavilion avenue and runs by the other property in the area until it reaches petitioner's rear lot. It is 40 feet in width at its beginning on Pavilion avenue but as it proceeds towards the rear, it narrows to a width of nine feet.

The record shows that petitioner permitted trucks and other heavy equipment to cross its lots on Fountain avenue so they could reach the construction site on the rear lot. This was done, it said, because these vehicles and equipment could not travel on the way leading from Pavilion avenue without trespassing or damaging the abutting property. The city of Cranston, however, instituted suit in the superior court and as a result thereof petitioner was en-

joined from using the lots in such a fashion. Construction came to a halt and the instant application was filed.

At the hearing before the respondent board petitioner not only pointed to its present dilemma but contended that unless it is given affirmative relief, there will be traffic congestion of major proportions when its construction efforts are completed because the right of way will not be capable of serving the needs of the many people who will reside in the new apartment complex.

While petitioner seeks a variance, it contends that it should be given relief under the doctrine we have set forth in *Vito* v. *Zoning Board of Review*, 92 R. I. 59, and reiterated several times thereafter.[1] In *Viti* we held that where a property owner is seeking relief from the area requirements of a zoning ordinance as distinguished from relief from the use requirements of an ordinance, he does not have to prove that he is being deprived of all beneficial use of his land by the application of the ordinance. Such a person is seeking a deviation and not a variance.

Here, however, petitioner is seeking to employ its lots on Fountain avenue for a use which is not permitted by the zoning ordinance. We encountered a situation similar to the instant cause in *City of Providence* v. *First National Stores, Inc.*, 100 R. I. 14, 210 A.2d 656. There we held that a private driveway across a residentially zoned lot which was constructed by its owners to give access to a shopping center was a commercial use in violation of the zoning ordinance. What we said in that case applies with equal vigor here. The rule of *Viti*, therefore, is not applicable to petitioner and its present plight.

---

[1] *Gardiner* v. *Zoning Board of Review*, 101 R. I. 681, 226 A.2d 698; *Travers* v. *Zoning Board of Review*, 101 R. I. 510, 225 A.2d 222; *H. J. Bernard Realty Co.* v. *Zoning Board of Review*, 96 R. I. 390; *Reynolds* v. *Zoning Board of Review*, 96 R. I. 340; *DeFelice* v. *Zoning Board of Review*, 96 R. I. 99; *Reynolds* v. *Zoning Board of Review*, 95 R. I. 437.

The petitioner not coming within the rule of *Viti* had the burden to produce evidence that it qualified for a grant of a variance. There was no evidence whatsoever presented to show that it could not use the two lots for residential purposes if it so desired and it is unquestioned that access to the petitioner's proposed commercial endeavor may be had from Pavilion avenue.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified are ordered returned to the respondent board with our decision endorsed thereon.

*Greenwald & Santaniello, Martin L. Greenwald, V. James Santaniello,* for petitioner.

*Jeremiah S. Jeremiah, Jr.,* Assistant City Solicitor, for respondent.