DECISION
This is an appeal from a decision of the Glocester Zoning Board (Zoning Board). William Plante (appellant) seeks reversal of the Zoning Board's decision granting John Goff (appellee) a variance from Article 3, District Dimensional Regulations, lot width, footnote #1, of the Zoning Ordinance of the Town of Glocester. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 Facts/Travel
The subject properties in this case are Assessor's Lots 178 and 179, on Assessor's Plat 18 owned by the appellee. These lots, together with three other distinct plots designated as Lots 182, 188, and 189 on said Assessor's Plat, have been in appellee's family since 1950, but appellee came into ownership in 1993. Lots 178 and 179 are situated side by side, and the additional three lots are located behind the former two plots. There are no structures presently located on these back three lots, and the only access to this property is a dirt path running through Lot 179. The appellee's residence is located on this same lot.
The appellant's lots are located next to a development known as Sandy Brook Estates. When this neighborhood was developed, no provision was made for access to Lots 188, 182 and 189. In September 1997, Appellee submitted an application to the Zoning Board for a dimensional variance ultimately to permit him to transfer a strip of land totaling approximately .835 acres from Lot 179 to Lot 178. The appellee wanted this transfer so that he could build a road on Lot 178 thereby accessing the rear property in the eventuality that he sold his home on Lot 179. The transfer of this land would adjust the existing lot line between appellee's and appellant's property and create a distance of sixty (68.83) feet between the two property lines. Article Three of the Glocester Zoning Ordinance requires, for a single family dwelling, a rear yard depth of one hundred (100) feet. The appellee seeks dimensional relief from this 100 foot requirement.
At an advertised hearing on September 30, 1997, appellant, an abutter owning real property on Winchester Drive, objected to the appellee's application. As grounds for the objection, appellant stated that denial of the application would not result in more than mere inconvenience, that appellee's hardship was self created, that the hardship created was due to the general characteristics of the surrounding area rather than the unique characteristics of the subject land, that the requested deviation would alter the character of the neighborhood, the request was due to purely economic concerns of the appellee, and that it is not the least relief necessary.
On December 19, 1997, the Zoning Board granted the appellee's requested variance. The appellant filed a timely appeal. At this Court's request, oral arguments were presented on July 2, 1998 for clarification of the record. No new evidence was accepted at this time.
 Standard of Review
Superior Court review of a zoning board decision is controlled by R.I.G.L. 1956 (1991 Reenactment) § 45-24-69 (D), which provides:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolouv. Genovesi, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sand and Gravel Co.,Inc., 424 A.2d 646, 647 (R.I. 1981) (citing Apostolou,
388 A.2d 824-25). The Court should examine the entire record to determine whether there is substantial evidence to support the Board's decision. Salve Regina College v. Zoning Board, 594 A.2d 878
(R.I. 1991).
 Not More than Mere Inconvenience
Requests for dimensional deviations require a less stringent burden of proof. The distinction between a dimensional deviation and a true variance is well settled. "A `true' variance is relief to use land for a use not permitted under the applicable zoning ordinance." Bamber v. Zoning Board of Review of Foster,591 A.2d 1220 (R.I. 1991); see also Westminster Corp. v. Zoning Board ofReview of Providence, 103 R.I. 381, 385, 238 A.2d 353, 356 (1968). In contrast, "a deviation is relief from restrictions governing a permitted use such as lot-line setbacks, limitations on height, on-sight parking, and minimum frontage requirements . . . . A petitioner seeking a deviation need show only an adverse impact amounting to more than a mere inconvenience." Bamber, 591 A.2d at 1223 (citing Felicio v.Fleury, 557 A.2d 480 (R.I. 1989)).
The appellee in the present case is seeking a deviation rather than a true variance. Therefore, the appellee's threshold burden before the Zoning Board was to demonstrate that denial of the requested relief will leave no other reasonable alternative to enjoy a legally permitted use of his property. GlocesterZoning Ordinance I-8 (5)(e)(2) as adopted July 25, 1994. When relief is sought from regulations that govern the enjoyment of a permitted use, the applicant need not show that the enforcement of regulations results in the deprivation of all beneficial use of the property, but rather the applicant will prevail upon a demonstration that the effect of such enforcement will amount to something more than a mere inconvenience. H.J. Bernard Realty Co.v. Zoning Board of Review, 192 A.2d 8, 11 (R.I. 1963); Viti v.Zoning Board of Review, 166 A.2d 211, 213 (R.I. 1960).
The appellant argued that a showing that enforcement of the regulations will amount to something more than a mere inconvenience is, in a residential situation, synonymous with the right to build a house on the property in question. Sawyer v.Cozzolino, 595 A.2d 242 (R.I. 1991); Gardiner v. Zoning Board ofReview, 226 A.2d 698, 703 (1967). Therefore, he argues, because appellee presently has a home on Lot 179 and can build one on Lot 178, the denial of the dimensional deviation will not result in something more than a mere inconvenience. Appellant further argues that appellee's access to the rear sixty acres is inconsequential because those lots were not named in appellee's application to the Zoning Board.
The application specifically lists Lots 178 and 179 as the subject property. It is well settled that the standard of whether denial of an individual's application will amount to more than a mere inconvenience applies to subject property and not property tangentially affected. See Travers v. Zoning Bd. of Review ofTown of Bristol, 225 A.2d 222 (R.I. 1967); Didonato v. ZoningBoard of Review of the Town of Johnston, 242 A.2d 416 (R.I. 1967)("More than a mere inconvenience means that an applicant must show that the relief he is seeking is reasonably necessary for the full enjoyment of his permitted use.")
In this case, denial of appellee's petition will not affect his ability to build a residence upon his property or otherwise utilize Lot 178. Additionally, at present he does have access to his rear lots via a footpath on Lot 179. Accordingly, as appellee can build a house on the subject property, the record reveals that the alleged hardship is not due to the unique characteristics of the subject land and does not constitute more than a mere inconvenience. It is the development of the neighborhood and road systems that have affected appellee's property, not characteristics in the lots themselves.
 Subdivisions v. Deviations
The appellee's request for a dimensional variance was submitted to the Zoning Board. The appellant further contends that "the appellee in the instant case simply attempted to circumvent the proper procedure and process in order to subdivide and develop Lots 182, 188 and 189."
Under Rhode Island General Laws § 45-23-1, subdivision is defined, in relevant part, as "the division of land for sale, lease, or other conveyance or for development, simultaneously orat separate times." (emphasis added) The Glocester Subdivision Regulations define subdivision in part as "any adjustment toexisting lotlines of a recorded lot by any means." GlocesterSubdivision Regulations at 8. (emphasis added)
The definition of variance is governed by the Glocester Zoning Ordinance. Adopting the language of the General Laws, the zoning ordinance defines a variance as "permission to depart from the literal requirements of a zoning ordinance" and "an authorization for the construction or maintenance of a building or structure, or for the establishment or maintenance of a use of land, which is prohibited by a zoning ordinance." R.I.G.L. s 45- 24-31 (61). A dimensional variance is a departure from the "dimensional requirements of a zoning ordinance, where the applicant for the requested relief has shown by evidence upon the record that there is no alternative way to enjoy a legally permitted beneficial use of the subject property unless granted the requested relief from the dimensional regulations." R.I.G.L. § 45-24-31 (61)(b).
In his application, brief and oral arguments throughout this matter, the appellee identified his request for relief as dimensional. He stated that the requested transfer would leave only sixty eight (68) feet rather than the requisite one hundred (100) feet between his side lot line and appellant's rear lot line. In requesting this deviation, appellee referred to the Glocester zoning laws. However, the transcripts from the hearings before the Zoning Board and oral argument before this court indicate that appellee's request involves more than a deviation from the zoning ordinance. This proposal involves the adjustment of existing lot lines. Further, the appellee clearly indicated to the Board and this Court that the purpose of his request was the development of a road in order to obtain access to his back lots. This testimony brings appellee's request within the definition of subdivision within the meaning of § 45-23-1 and therefore falls under the Planning Board's jurisdiction.
In the present case, the Zoning Board was presented with an advisory opinion from the Glocester Planning Board. The decision states simply, "the Board is in receipt of an advisory opinion from the Planning Board recommending that the Zoning Board approve the application submitted by John Goff, as it is in conformity with the Comprehensive Plan." Decision at 843. Seegenerally, R.I.G.L. § 45-23-41 and Glocester Zoning Ordinance 1-7 (6)(1). However, the Zoning Board acted in excess of its jurisdiction in granting subdivision relief in the guise of a variance.
For the aforementioned reasons, review of the entire record reveals that the action by the Board exceeded the authority granted it by statute and ordinance. Additionally, the Board's decision was clearly erroneous in view of the reliable, probative and substantial record of the whole record. Accordingly, the decision of the Zoning Board is reversed.
Counsel shall prepare the appropriate judgment for entry.