H. J. Bernard Realty Company, Inc. *vs.* Zoning Board
of Review of the Town of Coventry.

JUNE 20, 1963.

Present: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

POWERS, J. This is a petition for certiorari seeking to quash a decision of the Coventry zoning board of review denying the petitioner's application for a variance or exception from rear yard lot-line regulations. The application was duly published in the Pawtuxet Valley Daily Times and a hearing held thereon February 6, 1963.

We issued the writ and pursuant thereto the respondent board duly certified the pertinent records to this court for our examination. It is established thereby that the petitioner corporation is the owner of land located at the corner of Tiogue and Pilgrim avenues in the town of Coventry, numbered 429 Tiogue avenue, and conducts a real estate and insurance business from an office building thereon which it desires to extend 16 feet in depth. The building is lo-

cated in a commercial C-2 district, which by article III of the zoning ordinance requires a minimum rear yard lot-line depth of 20 feet. An application was duly filed seeking to vary such requirement so as to permit construction of the proposed addition within 3½ feet of the rear yard lot line. Because the building is not squared with the property line, the rear thereof with the addition constructed would vary from a minimum of 3½ feet to 9½ feet from the property line.

At the hearing before the board Henry J. Bernard testified for petitioner that the addition was needed to accommodate growth of the insurance business by providing office space for an increase in personnel. He further testified that the corporation owned sufficient land to permit the erection of the proposed addition on either side of the building and be within minimum lot-line regulations. To do so, he added, would cut off daylight to the basement, which is presently being used, and reduce the area of land now used for parking. He admitted, however, that other basement windows could be provided to compensate for those lost if the proposed addition were moved from the rear to a side of the building.

Specifically asked, "What would be the objection, the difficulty you have now if you went to this other side of the building where you have so much space?" Mr. Bernard replied, "There wouldn't be difficulty, but we have got that extra room in back, why can't we use it?"

Irving A. Horton, owner of the premises to the rear of the office building, the only property owner directly affected by the proposed addition, testified that he had no objection to the proposal, adding that petitioner had agreed to construct a "cedar type upright fence" along the lot line.

The board considered the evidence and in denying the application stated in its opinion: "The applicant for the special exception from the provisions of this ordinance did not show to the satisfaction of the Board that such relief

would not be contrary to the public interest. It is the unanimous opinion of the Board that the proximity of the proposed addition to the lot line in question would not serve the best interests of the community."

It is petitioner's contention that the decision is arbitrary and constitutes an abuse of the board's discretion. It argues that the board based its decision on the provisions of art. VIII, secs. 1 and 2, of the zoning ordinance and misconceived the applicable law as laid down in several decisions of this court.

Article VIII, secs. 1 and 2, provide as follows:

"Section 1.  Burden on Applicant

"The applicant for a variance from the provisions of this ordinance shall show to the satisfaction of the Board that such relief will not be contrary to the public interest and that owing to special conditions a literal enforcement of the provisions of this ordinance would result in unnecessary hardship."

"Section 2.  Unnecessary Hardship

"The unnecessary hardship which an applicant seeks to avoid shall not have been imposed by any action of the applicant since the enactment of this ordinance. Such hardship shall arise from special conditions or features of the land in question rather than the physical or economic conditions of the applicant."

The petitioner urges that the board construed "unnecessary hardship" as loss of all beneficial use which, it argues, this court held not to be the test in seeking relief from minimum lot-line regulations.  *Viti* v. *Zoning Board of Review,* 92 R. I. 59, 166 A.2d 211; *Reynolds* v. *Zoning Board of Review,* 95 R. I. 437, 187 A.2d 667; *DeFelice* v. *Zoning Board of Review,* 96 R. I. 99, 189 A.2d 685.

The petitioner's contention in this respect is correct so far as it goes.  In all three cases we held that building, height and lot-line restrictions are regulations governing a permitted use as distinguished from the limitations on the use one may make of his property.  We further held that in seeking a variance or exception from such regulations a property

owner was not required to prove a loss of all beneficial use. We did not hold, however, as· petitioner seems to infer, that on application for such relief a property owner need show no more than that the varying of the proscribed regulation is for him a preferable alternative to compliance therewith, where compliance might be had, albeit with some inconvenience.

There must be a showing of an adverse effect amounting to more than mere inconvenience. In each case cited by petitioner relief was granted and we held that there was evidence from which the board could find sufficient hardship without being said to have abused its discretion. Here, however, petitioner's application was denied and that decision will not be disturbed unless found to be arbitrary. On the state of the evidence before us we cannot say that the board acted arbitrarily and, in denying petitioner's application, abused its discretion. The evidence clearly shows that petitioner could enlarge its present office facilities without doing violence to the spirit of the ordinance, although in conforming therewith it would possibly be put to some expense but not such as to constitute an unwarranted burden.

The petitioner further contends that the finding by the board that "The applicant for the special exception from the provisions of this ordinance did not show to the satisfaction of the Board that such relief would not be contrary to the public interest," was arbitrary in that no such proof was required of it. In support thereof, petitioner again cites *Viti* v. *Zoning Board of Review, supra,* and calls our attention to page 213 where we said: "Nor is the board required to find that the relief sought will serve the *convenience* or *welfare* of the *public*." The petitioner misconceives the import of the *Viti* decision. The italicized words were taken from the zoning ordinance of the city of Providence, chap. 544, sec. 92, which sets forth the burden on an applicant for a variance as that term is understood when seeking to vary the use of one's land.

We held then and we hold now that the provisions of the enabling act, G. L. 1956, §45-24-19 b and c, or of municipal ordinances setting forth the burden of proof on an applicant for a special exception or variance, respectively, relate to the proof required when the application is for a change in the permitted use. Exacting as these standards are when application is made for a true special exception or variance, they are not the applicable standards when the relief sought is from building regulations as distinguished from limitations on use. Certainly they may be a guide to the board in determining from all the evidence whether the relief from building regulations should be granted, but strict conformity therewith is not required. See *Reynolds* v. *Zoning Board of Review,* 96 R. I. 340.

Here, as in the cases cited by petitioner, the language used by the board in reaching its decision was taken from art. VIII, sec. 1, of the Coventry zoning ordinance. Assuming arguendo, however, that in making its findings the board misconceived the scope of sec. 1, petitioner takes nothing thereby.

In reaching its decision the board weighed the petitioner's right to build as it pleased, subject only to restrictions imposed by a valid exercise of the police power, against regulations which were within the scope of such power. It cannot be said that the denial of the application for relief therefrom was arbitrary and an abuse of discretion, absent a showing by the petitioner that such relief was reasonably necessary for the full enjoyment of a permitted use.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, the decision of the board is affirmed, and the records certified to this court are ordered returned to the respondent board.

*Kirshenbaum & Kirshenbaum, William Young Chaika,* for petitioner.

*James F. Murphy,* Town Solicitor for the Town of Coventry.

*Joseph G. Miller,* for respondent.