■ In the Matter of DUDLEY LAWRENCE CORP., Respondent, v. SAM EISENBERG et al., Constituting the Zoning Board of Appeals of the City of Mount Vernon, Appellants.— Judgment of the Supreme Court, Westchester County, dated December 6, 1966, reversed, on the law, with costs, petition dismissed on the merits and appellants' determination confirmed. Petitioner, the owner of a parcel of land diagonally bisected by the common boundary line of the City of Mount Vernon and the Village of Bronxville, proposes to construct thereon an apartment house, the rear of which would be 5 to 12 feet from the rear line of a lot in which part of the parcel is located. Eighty-two percent of the structure would be in Mount Vernon and 18% would be located in Bronxville, though the parcel's street frontage is wholly in Bronxville. Petitioner plans to provide off-street parking spaces in front of the apartment house. Seventy percent of the area of the parking facility

would be in Bronxville and 30% would be in Mount Vernon. The part of the parcel lying within Mount Vernon is zoned "A-2 Apartment House District" pursuant to the Zoning Ordinance of the City of Mount Vernon, an ordinance which prohibits off-street parking spaces in any front yard and requires a rear yard depth of 25 feet. Consequently, petitioner's plans were disapproved by the Department of Buildings of Mount Vernon on the grounds, among others not relevant to this appeal, that the off-street parking spaces proposed for the structure's front yard and the proposed rear yard depth would violate the city's zoning ordinance. Petitioner thereupon applied to the appellant Zoning Board of Appeals for area variances on the ground that "practical difficulties" (General City Law, § 81, subd. 4) would be encountered by petitioner if it were compelled to conform its intended construction to the requirements of the zoning ordinance. After a hearing, the board denied the application on the ground that "practical difficulties" had not been proved. Special Term, however, annulled the board's determination and directed the board to grant the application on the ground that "there are here present resulting from the geographical idiosyncrasy the requisite 'practical difficulties' coupled with 'unique circumstances'". In our opinion, petitioner failed to prove the "practical difficulties" which would have entitled it to an area variance (see, *Matter of Hoffman* v. *Harris*, 17 N Y 2d 138). Of the nine proofs of "practical difficulties" urged by petitioner in this court, five amount to nothing more than the statement, and variations of the fact, that the Mount Vernon-Bronxville boundary line bisects petitioner's parcel, while the remaining four proofs do not show that petitioner's submission to the zoning ordinance would cause "practical difficulties". Thus, the parcel's lack of street frontage in Mount Vernon and the inaccessibility of the parcel from Mount Vernon over public streets do not constitute evidence that petitioner will suffer "practical difficulties" in the construction of the proposed structure with a rear yard depth of 25 feet and without front yard parking spaces. Similarly, "practical difficulties" are not proved by facts showing that petitioner owns adjoining realty and that the Village of Bronxville has approved the construction of the proposed building. Rather than proving "practical difficulties", the petition herein tended to establish that petitioner's adherence to its proposed plan was motivated by considerations unrelated to problems caused by submission to Mount Vernon's zoning ordinance. Thus, petitioner alleged that it intended to build the structure at the point proposed in order "to afford more light and air to the already existing apartment buildings of the petitioner", as well as to the proposed structure itself, "and to take advantage of the open and unimproved [county-owned] land to the rear" of the parcel. Frustration of a landowner's building plans by a zoning ordinance, however, is not a "practical difficulty" warranting an area variance. Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.