[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before the Court is an appeal from a decision of the Zoning Board of Review for the Town of Cumberland (hereinafter "Board"). Edward J. Slattery (hereinafter "Plaintiff") seeks a reversal of the Board's May 11, 1988 decision denying him a variance to construct a duplex on an undersized lot. Jurisdiction is pursuant to Rhode Island General Laws 1956 (1988 Reenactment) §45-24-20.
Statement of Facts
The plaintiff is the owner of the subject property, presently a vacant lot, described as lot numbered one hundred thirty-seven (137) of Cumberland Assessor's Plat Four (4) located at Twenty (20) Kinsman Street in the Town of Cumberland. This parcel is located in an area presently zoned Residential B, which, pursuant to Cumberland Zoning Ordinance Article 1, § 4, permits either a one or two-family dwelling. This permitted use is not unrestricted, however, as Article 3, § 1.2(a) mandates that any lot upon which a two-family dwelling is to be constructed must meet a minimum lot size of ten thousand (10,000) square feet if the landowner intends to tie into existing sewer lines.
Plaintiff has testified that it is his intention to tie into existing sewer lines. As such, in order to comply with Article 3 § 1.2(a) plaintiff's lot must meet the minimum lot size requirement of ten thousand (10,000) square feet. The subject property, however, measures six thousand nine-hundred two (6,902) square feet. It is from this requirement that plaintiff seeks a Viti variance.
A scheduled hearing before the Board was held on May 11, 1988. Testifying in support of granting the variance were the plaintiff and his contractor, Mr. David Sardi. Plaintiff testified that a two-family dwelling would both improve the area and provide additional tax revenue for the town. (Tr. at 1). Mr. Sardi testified that the building's design would otherwise comply with zoning requirements and that there would be ample parking to accommodate the structure. (Tr. at 17). Plaintiff presented no other witnesses or evidence in support of his position.
The Board also heard testimony from nine (9) area residents who opposed the variance. Specifically, the residents voiced two concerns: first, that a two-family dwelling would not conform to the existing aesthetics of the neighborhood in that presently all existing homes in the area are one-family dwellings; and second, that the duplex would create potential traffic congestion and parking problems. (Tr. 3-15).
After considering the testimony and evidence before it, the Board denied plaintiff's request for a variance for a two-family dwelling. In denying plaintiff's petition the Board found that granting the variance would not be in the best interest of the public welfare and that plaintiff's lot did not possess the required square footage. The Board further found that plaintiff had failed to demonstrate that denial of the petition would amount to more than a mere inconvenience as is required under theViti doctrine. (Tr. pg. 27).
Standard of Review
In reviewing a zoning board decision this Court is constrained by R.I.G.L. 1956 (1988 Reenactment) § 45-24-20(d), which provides in pertinent part as follows:
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In reviewing a zoning board decision the Superior Court ". . . is not empowered to substitute its judgment for that of the zoning board if it can conscientiously find that the board's decision was supported by substantial evidence in the whole record." Apostolou v. Genovesi, 120 R.I. 501, 505,388 A.2d 821, 825 (1978). Our Supreme Court has defined "substantial evidence" as "more than a scintilla but less than a preponderance." Id. Additionally, the term encompasses "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Apostolou, 120 R.I. at 505, 388 A.2d at 825.
Where a landowner seeks the relaxation of certain regulations — for example, height limitations or lot size — the petitioner need only prove that strict adherence to the regulations will amount to something more than a mere inconvenience. H.J. BernardRealty Co. Inc. v. Zoning Board of Review, 96 R.I. 390, 394,192 A.2d 8, 11 (1963); Viti v. Zoning Board of Review, 92 R.I. 59, 64-65, 166 A.2d 211, 213 (1960). This standard has come to be known as the Viti doctrine, Rozes, 120 R.I. at 519, 388 A.2d at 819, and, in accordance therewith, an applicant seeks a deviation from regulations permitting a use rather than a "true" variance.
In the case at bar, plaintiff seeks a deviation from the regulation of a permitted use. Although Article 1, § 4 permits the construction of a two-family dwelling, this use is conditioned upon the plaintiff's satisfying the minimum lot size requirement of ten thousand (10,000) square feet as mandated by Article 3, § 1.2(a). As such, the plaintiff correctly seeks a Viti variance. See, Gara Realty, 523 A.2d at 858; Viti, 92 R.I. at 65, 166 A.2d at 213-14. Plaintiff's threshold burden before the Board, therefore, was to demonstrate that denial of the requested variance would constitute an adverse impact amounting to more than a mere inconvenience. DeStefano v. ZoningBoard of Review of Warren, 122 R.I. 241, 246, 405 A.2d 1167, 1170 (1979); H.J. Bernard, 96 R.I. at 394, 192 A.2d at 11.
Our Supreme Court has defined more than a mere inconvenience to mean "that an applicant must show that the relief he is seeking is reasonably necessary for the full enjoyment of his permitted use." DiDonato v. Zoning Board of Review,104 R.I. 158, 165, 242 A.2d 416, 420 (1968). Plaintiff herein contends that the Board's denial deprives him of the full enjoyment of his property. However, the record reveals that plaintiff presented no evidence to the Board to support his claim that denial of the variance would preclude his full enjoyment of the subject property. Rather, plaintiff merely testified that his proposed use would improve the whole area as well as provide an additional source of tax revenue for the town.
Relying upon Westminster Corp. v. Zoning Board of Review,103 R.I. 381, 238 A.2d 353 (1968), plaintiff argues that where an applicant is precluded from the full enjoyment of a permitted use a variance is allowed as a matter of right. Id. However, plaintiff's reliance on Westminster is misplaced. InWestminster, plaintiff's therein sought, inter alia, relief from certain setback requirements in order to construct a twenty-three story office building. The zoning board granted, and the Court affirmed, the decision awarding the variance.Westminster, 103 R.I. 381, 238 A.2d 353. The board inWestminster determined, and the Court agreed, that the applicant therein had proved that compliance with the setback requirements would therefore amount to more than a mere inconvenience.[1]
Although the Court in Westminster did posit that an applicant was entitled to a variance as a matter of right, this right was nonetheless conditioned upon the applicant's satisfying the Viti test; that is, demonstrating that literal enforcement of the ordinance precluding the applicant's full enjoyment amounted to more than a mere inconvenience. Westminster, 103 R.I. at 388, 238 A.2d at 357. It was of import, however, that the applicants in Westminster provided the board with expert testimony which substantiated the applicant's contention that the project would be rendered useless had the variance been denied.Westminster, 103 R.I. at 388, 238 A.2d at 358.
After carefully reviewing the record in the instant case, this Court has found that it is devoid as to testimony which would corroborate plaintiff's contention that denial of the variance would preclude his full enjoyment of the property. In contrast to the applicants in Westminster, plaintiff presented no expert testimony to the Board to substantiate his claim that denial of the variance would preclude his full enjoyment. Instead, plaintiff merely argued that construction of a two-family dwelling was necessary for his full enjoyment. Significantly, plaintiff offered no testimony to the Board as to whether or not a single-family home would otherwise preclude his full enjoyment. It is of import, however, that the subject property, which measures six thousand nine hundred two (6,902) square feet, is undersized for the construction of even a single-family home pursuant to Article 3, § 1.2(A), which requires an area measuring seven thousand five hundred (7,500) square feet. Therefore, it would be necessary for plaintiff to seek a variance in order to construct a single-family home. Plaintiff instead sought a variance to construct a two-family duplex in an area presently situated with single-family homes. The Board determined, and this Court agrees, that plaintiff has failed to establish that denial of the variance for a two-family home would amount to an adverse impact amounting to more than a mere inconvenience.
Furthermore, it was within the Board's power, pursuant to R.I.G.L. 1956 (1988 Reenactment) § 45-24-1, to establish certain restrictions relative to the health, safety, and public interest of the community. In establishing the minimum lot size requirements in question the Board exercised these powers. In so doing, the Board determined that adherence to the requirements would best serve the public welfare. After examining the evidence, the Board concluded that granting plaintiff's variance would not serve the best interest of the public. Other than his own testimony, plaintiff provided no evidence in support of his contention that the proposed structure would better serve, nor otherwise improve, the surrounding area.
After review of the entire record, this Court finds that the Board's decision denying plaintiff a variance is supported by reliable, probative, and substantial evidence. For the reasons herein above set out, the May 11, 1988 decision of the Zoning Board of Review for the Town of Cumberland is hereby affirmed.
Counsel shall prepare the appropriate entry for judgment.
[1] The Court has on several other occasions, affirmed a zoning board's denial because the applicant had failed to meet the more than a mere inconvenience standard. See, e.g., DiDonato,104 R.I. 158, 242 A.2d 416 (applicant sought a variance to construct a larger home due to increase in family size); Apostolou,120 R.I. 501, 388 A.2d 821 (mere economic impracticality was mere inconvenience thus insufficient to satisfy Viti standard);Lincoln Plastic Products Co. v. Zoning Board of Review,104 R.I. 111, 242 A.2d 301 (1968) (denying relief where applicants merely established their personal preference for the proposed structure).