[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before the Court is an appeal from a decision of the Zoning Board of Review for the Town of Johnston (hereinafter "Board"). Nicholas and Joanna Castelli (hereinafter "plaintiffs") seek a reversal of the Board's August 29, 1991 decision denying them a variance from both the minimum lot size and yard depth requirements. Jurisdiction is pursuant to Rhode Island GeneralLaws 1956 (1988 Reenactment) § 45-24-20.
STATEMENT OF FACTS
The plaintiffs are the owners of the subject property, presently a vacant lot, described as lot number three hundred seventy-three (373) of Johnston Tax Assessor's Plat twenty-two (22) located on Beacon Street in the Town of Johnston. Said lot is situated in an R-15 zoning district, which, pursuant to Johnston Zoning Ordinance Article VI, § 2, permits a single-family dwelling. Article IX mandates that any lot upon which a single-family dwelling is constructed must meet a minimum lot size of fifteen thousand (15,000) square feet, and minimum yard depths of forty-five (45) rear footage and twenty (20) feet on each side of the dwelling.[1]
Plaintiffs testified to their intent to construct a single-family dwelling. As such, in order to comply with Article IV, plaintiffs' lot must meet the minimum lot requirement of fifteen thousand (15,000) square feet and the yard depth requirements of forty-five (45) rear footage and twenty (20) feet on each side of the dwelling. The subject property, however, measures two thousand eight hundred fifty-nine (2,859) square feet. Since the proposed house size is twenty-four (24) feet x forty (40) feet or 960 sq. feet, the yard depth requirements would automatically be violated. It is from these requirements that plaintiffs seek a dimensional deviation.
On July 23, 1991, plaintiffs applied to the Board for a variance seeking relief from the area and yard depth requirements. A scheduled hearing before the Board was held on August 29, 1991. Testifying in support of granting the variance were the plaintiffs. Plaintiffs testified to their desire to erect a single-family dwelling, a permitted use. Plaintiffs stated in the application that they purchased the property 14 years ago on March 8, 1977, before the current zoning regulations were enacted. Also, plaintiffs indicated that said lot is the only property they own in the surrounding area.
The Board heard testimony from eleven (11) area residents who opposed the variance. One remonstrant appeared on behalf of the neighbors with a petition of forty (40) signatures opposing the dwelling. Another remonstrant objected to the fact the lot is too small.
After considering the testimony and evidence before it, the Board denied plaintiffs' request for a variance and thus prohibited the construction of a single-family dwelling. In denying plaintiffs' petition the Board found that granting the variance would not serve the public welfare and the neighboring property will be substantially or permanently injured.
STANDARD OF REVIEW
In reviewing a zoning board decision this Court is constrained by R.I.G.L. 1956 (1988 Reenactment) § 45-24-20(d), which provides in pertinent part as follows:
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
The Rhode Island Supreme Court, in interpreting this statute, has stated that in reviewing a decision of a zoning board of review, the trial justice "must examine the whole record to determine whether the findings of the zoning board were supported by substantial evidence." Toohey v. Kilday, 415 A.2d 732, 735 (R.I. 1980); DeStefano v. Zoning Board of Review of Warwick,122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979). Substantial evidence means "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means an amount more than a scintilla but less than a preponderance."Apostolou v. Genovesi, R.I., 388 A.2d 821, 824-25 (1978).
Where a landowner seeks the relaxation of certain regulation governing a permitted use, such as restrictions relating to lot size, frontage and yard requirements, the plaintiff need only prove that strict adherence to the regulations will amount to something more than a mere inconvenience. H.J. Bernard RealtyCo. Inc. v. Zoning Board of Review, 96 R.I. 390, 394,192 A.2d 8, 10-11 (1963); Viti v. Zoning Board of Review, 92 R.I. 59, 64-65, 166 A.2d 211, 213 (1960). This standard has become known as the Viti doctrine.
In the case at bar, plaintiffs seek a deviation from the regulation of a permitted use. Although Article VI, § 2 permits the erection of a single-family dwelling, this use is conditioned upon the plaintiff satisfying the dimensional regulation set forth in Article IX. As such, plaintiffs correctly seek a Viti variance. Viti, 92 R.I. at 65, 166 A.2d at 213-14. Plaintiffs' threshold burden before the Board, therefore, was to demonstrate that denial of the requested variance would constitute an adverse impact amounting to more than a mere inconvenience. DeStefano,
122 R.I. at 245, 405 A.2d at 1170; H.J. Bernard, 96 R.I. at 394, 192 A.2d at 11.
Our Supreme Court has defined more than a mere inconvenience to mean that, "an applicant must show that the relief being sought is reasonably necessary for the full enjoyment of the permitted use." DiDonato v. Zoning Board of Review,104 R.I. 158, 165, 242 A.2d 416, 420 (R.I. 1968). Plaintiffs herein contend that the Board's denial deprives them of the full enjoyment of their property. The record below discloses that a literal adherence to the zoning ordinance would effectively operate to preclude the plaintiffs from building a house on the proposed lot.
The plaintiffs correctly rely on Gara Realty, Inc. v. ZoningBoard of Review of South Kingstown, 523 A.2d 855 (R.I. 1987) when asserting that a strict application of the ordinance clearly amounts to more than a mere inconvenience. With facts similar to those of the case at bar, the Gara Court held that where a lot situated in a residential zone could not be used for a dwelling if dimensional requirements were enforced, the standard of adverse impact amounting to more than a mere inconvenience was satisfied. Id. at 858. Despite the disparity between the lot size requirement of fifteen thousand (15,000) square feet and the actual lot size of two thousand eight hundred fifty-nine (2,859) square feet our Supreme Court has upheld the granting of variances under similar circumstances. Felicio v. Fleury,557 A.2d 480, 481 (R.I. 1989) (upheld variance where minimum lot size requirement was 65,000 square feet and actual lot size was 29,234 square feet, less than one-half the required size). An examination of the whole record reveals that the plaintiffs had satisfied their requisite burden of demonstrating to the Board that they would suffer "more than a mere inconvenience" if the deviation were granted.
The Board contends that the plaintiffs did not present substantial evidence in support of their application, and accordingly are not entitled to the relief requested in their petition. This argument is unfounded. The burden is on the applicant to prove that he or she is entitled to the requested relief. Carrol v. Zoning Board of Review of the City ofProvidence, 104 R.I. 676, 248 A.2d 321 (1968). However, our Supreme Court has stated that information in the application and on the plot plans constitutes competent evidence from which a zoning board could make a decision. Gardiner v. Zoning Board ofReview, 101 R.I. 681, 690, 226 A.2d 698, 702 (1967). Here, the information in the application and plot plan tells the whole story; it gives the dimensions and area of the lot; it shows the proposed size of the home; and it gives the zoning dimensional regulations. After review of the record, this Court finds that plaintiffs have satisfied their burden of proof. From this information the Board could conclude that plaintiffs would suffer more than a mere inconvenience if the deviation is not granted.
Plaintiffs further contend the Board made insufficient findings of fact to support its decision. Plaintiffs rely onHopf v. Board of Review of the City of Newport, 102 R.I. 275, 288, 230 A.2d 420, 428 (1967) to support their contention that zoning boards will be reversed if the court is unable to find sufficient grounds for their decisions. Plaintiffs assert the record is defective because the Board failed to pinpoint specific evidence upon which the decision is based. While the Board's decision does lack very specific findings of facts, plaintiffs' argument is flawed as Hopf is misapplied. The Hopf Court expressly limits the above-mentioned rule to cases where evidence is in conflict. Id. at 428. In the case at bar, the evidence is undisputed and the facts uncontradicted. It is a well-settled rule that zoning boards should set forth the reasons and grounds for their decisions; however, our Supreme Court has stated that courts should not subject the parties to such delay and inconvenience where they were able to satisfy themselves from the record that the Board's decision was either correct or erroneous regardless of the failure to give reasons for their decision.Richards v. Zoning Board of Review of the City of Providence,100 R.I. 212, 219-20, 213 A.2d 814, 818 (1965); Winters v.Zoning Board of Review, 80 R.I. 275, 277, 96 A.2d 337, 339 (1953). Here, the record is replete with the evidence on which the Board relied.
After reviewing the entire record, this Court finds that the decision of the Zoning Board was clearly erroneous in view of the reliable, probative and substantial evidence. Accordingly, the decision of the Johnston Zoning Board of Review is hereby reversed.
Counsel shall prepare the appropriate judgment for entry.
[1] Article IX of the Johnston Zoning Ordinance states that, for a single family dwelling, the minimum yard depth on each side must be twenty (20) feet plus two (2) feet for each five (5) feet of building height over twenty-five (25) feet.