DECISION
This is an appeal from two decisions of the Zoning Board of Review for the City of Newport (Board) denying the plaintiffs applications for dimensional variances. Jurisdiction in this Court is pursuant to G.L. 1956 § 45-24-69.
 Facts/Travel
John F. Naughton is the owner of property located at 123 Bellevue Avenue, Newport, Rhode Island. The subject property is designated on Assessor's Plat 28 as Lot number 48. C. Wayne Craft and Carol L. Craft (plaintiffs) have entered into an agreement with the owner to lease the subject property and open a chocolate shop. (11/25/96 Tr. at 5). The property is zoned "General Business" and use of the property for retail sales is permitted by right. See Staff Report, Newport Zoning Board of Review Agenda for 1/27/97; § 1260.06.121 of the City of Newport Zoning Ordinance. The building located on the subject property covers 100% of the lot. Id.
Pursuant to § 1264.04.01(j) of the City of Newport Zoning Ordinance (Ordinance), retail establishments must provide one (1) off-street parking space for every two hundred seventy five (275) square feet of gross square footage on the same lot with the facility. The plaintiffs are seeking to operate a retail establishment and provide no (0) off-street parking spaces.
In their initial application dated November 2, 1996, the plaintiffs sought a variance to the off-street parking requirements for approximately 900 sq. ft. of retail space. After a properly advertised hearing held on November 25, 1996, the Board voted 3-2 in favor of the requested relief. A super majority was needed for approval and, therefore, the petition was denied. The plaintiffs filed another application on December 5, 1996 seeking the same relief, but the amount of retail space to be used was reduced to 500 sq. ft., A scheduled and advertised hearing was held on January 27, 1997. The Board found that the petition was substantially different from the earlier petition for 900 sq. ft. of retail space. Once again, the Board voted 3-2 in favor of the petition which was subsequently denied. In both of its decisions, the Board found that the variance would be injurious to the neighborhood or otherwise detrimental to the public welfare and was not the minimum variance that would make reasonable use of the land, building or structure.
The decision on the latter application was filed with the City Clerk on March 11. 1997. However, for reasons unknown to the Court, the decision on the initial application was not filed until May 19. 1997. Both decisions are subject to the instant appeal and both were timely filed with this Court.
 Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 § 45-24-69(D), which provides:
 "45-24-69. Appeals to Superior Court
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record: or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the Board's decision was supported by substantial evidence.Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co. Inc., 424 A.2d 646 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507. 388 A.2d at 824-25). The reviewing court "examines the record below to determine whether competent evidence exists to support the tribunal's findings." New EnglandNaturist Ass'n. Inc. v. George, 648 A.2d 370, 371 (R.I. 1994) (citing Town of Narragansett v. International Association ofFire Fighters. AFL-CIO. Local 1589, 119 R.I. 506. 380 A.2d 521
(1977)).
 Dimensional Variances
The plaintiffs are seeking relief from the off-street parking requirements of the Ordinance. Where an applicant seeks relief from zoning ordinance provisions establishing requirements for off-street parking, the relief sought is a deviation from regulations which govern a permitted use. Westminster Corp. v.Zoning Bd. of Prov., 103 R.I. 381, 238 A.2d 353 (1968). To obtain a deviation, the applicant must demonstrate that strict adherence to the regulations will amount to more than a mere inconvenience. H.J. Bernard Realty Co., Inc. v. Zoning Board ofReview, 96 R.I. 390, 394, 192 A.2d 8, 10-11 (1963); Viti v.Zoning Board of Review, 92 R.I. 59, 64-65. 166 A.2d 211, 213 (196). This standard has become known as the Viti Doctrine.[1]
The enabling act defines the "more than a mere inconvenience" standard to mean "that there is no other reasonable alternative to enjoy a legally permitted beneficial use of the property." R.I.G.L. § 45-24-41(d)(2). The Board correctly found that the building on the subject property covers 100% of the lot and, therefore, providing any on-site parking on the property is "physically impossible." This fact was included by the Board in its decision and presumably provided a basis upon which the Board denied the petition.
Section 1264.04.01 of the Ordinance provides that off-street parking facilities shall satisfy the minimum requirements with regard to the number of spaces and location. Subsection (j) pertains to retail establishments and requires "one parking space for every 27 sq. ft. of gross square footage and located on thesame lot with the facility (emphasis added)." A further review of § 1264.04.01 reveals that all of the uses permitted in a district zoned "General Business" require at least one off-street parking space on the same lot with the facility. Because providing any off-street parking at the site is physically impossible, strict adherence to this section of the Ordinance would prohibit dedicating the property to any of its permitted uses. The Ordinance recognizes that in that part of Newport which makes up the "General Business" district there exists a "unique combination of residential and commercial uses." § 1260.06.121. Accordingly, it is clear that full compliance with the off-street parking provisions of the Ordinance would constitute more than a mere inconvenience adversely affecting any enjoyment of the permitted use of the property as a retail establishment.
At the hearing, Boardmember Ray noted that the owner of the property previously owned a lot behind the building that was used as a parking lot for residential units in the neighborhood. (1/27/97 Tr. at 4, 13). As such, it was her opinion that sale of the lot resulted in a hardship that "is totally self-imposed." (1/27/97 Tr. at 16). However, a review of the record reveals that the lot referred to by Boardmember Ray was a separate lot and that in an earlier decision, the Board found that it did not merge with the subject property. (11/27/96 Tr. at 1; 1/27/97 Tr. at 12-13); See also Staff Report. Newport Zoning Board of Review Agenda for 1/27/97. Section 1264.04.01 clearly and unambiguously states that the parking spaces to be made available must be "located on the same lot with the facility." Consequently, the availability of parking on neighboring property is completely irrelevant to satisfying the requirements of § 1264.04.01. Moreover, the hardship from which the plaintiffs seek relief is due to the unique characteristics of the existing structure and not from any prior action of the plaintiffs. See
R.I.G.L. §§ 45-24-41(C)(1),(2). Accordingly, the Court finds that competent evidence exists in the record to support a finding that denial of the requested relief would have an adverse impact amounting to more than a mere inconvenience. Therefore, the Board's decisions to deny the plaintiffs requests for a dimensional variance from the off-street parking requirements of the Ordinance, were clearly erroneous in view of the reliable, probative and substantial evidence on the whole record, and substantial rights of the plaintiffs were prejudiced thereby.
Furthermore, when granting a variance, the relief to be granted must be the least relief necessary. R.I.G.L. §45-24-41(C)(4). At the hearing on the plaintiffs' second application, the plaintiff C. Wayne Craft testified, "we can certainly operate a retail store in 500 square feet." (1/27/97 Tr. at 11-12). The deviation requested in the second application for 500 sq. ft. of retail space, is 400 sq. ft. less that the 900 sq. ft. of retail space for which the relief was originally sought. The subject premises offers only 550 sq. ft. of space suitable for retail use. The additional 400 sq. ft. included in the plaintiffs' original application is part of the boiler room adjacent to the subject property. (1/27/97 Tr. at 5). The plaintiffs originally intended to use the additional square footage for storage. Id. Accordingly, the Court finds that a reversal of the Board's decision on the second application would best serve the purposes of the enabling act as the record reveals that it is the least relief necessary under the circumstances.
The March 11, 1997 decision of the Zoning Board of Review for the City of Newport is hereby reversed, and the Board's May 19, 1997 decision is upheld.
Counsel shall submit the appropriate judgment for entry.
[1] Section 1260.13 (2) (F) (2) of the Ordinance sets out the appropriate standard for a deviation or "dimensional variance."