DECISION
This case is the Bucklins' hereinafter appellants appeal from a decision of the Jamestown Zoning Board denying their request for a dimensional variance. Jurisdiction is pursuant to R.I.G.L. § 45-24-69.
 Facts/Travel
In 1972, the appellants purchased a single parcel of property on East Shore Road in Jamestown, Rhode Island. This lot housed two residential buildings[1] which, according to the appellants, have co-existed on this single lot since 1946.
In 1995, the Jamestown ordinances were amended. The amendment resulted in the enactment of § 303 which provided that only one house could be built on any single lot zoned as residential.[2] The appellants' lot was thereby relegated to a legal non- conforming use. Such non-conforming properties and their modification are governed by § 703 which states that:
 "The non conforming use of a building or structure may be continued, subject to the following regulations:
 A. The building or structure is not enlarged, extended, structurally altered, or reconstructed, except for alteration, maintenance, and repair work as is required to keep the building or structure in a safe condition.
 B. No non-conforming use of a building or structure shall be changed to another non-conforming use."
The appellants, desirous of modernizing and rebuilding one of their homes, applied to the Jamestown Planning Board for permission to subdivide their property so that each home would exist separately on its own lot.[3] On May 7, 1997, the Planning Board granted the appellants provisional permission for their requested subdivision. The grant was, in part, conditioned on the appellants' ability to obtain a dimensional variance for lot area, lot frontage, and setback requirements from the Zoning Board of Review. On July 22, 1997, the Board of Review held a hearing and denied the request, making the following findings:
 1. Said property is located in an RR80 zone and contains 145,081 square feet.
 2. The applicant did not demonstrate hardship because:
 *(a) Granting the relief request would increase the density of the structure size and people in the RR80 zone,
 (b) The relief request would replace one non-conforming use with two substandard lots, with two substandard side yards, and two lots with non-conforming frontage;
 (c) The owners retain the right to occupy and renovate the existing structures; they are only restricted from expanding them;
 (d) The owners retain the right to apply for a special use permit to expand the structures pursuant to Article 6, Section 601.
 3. For the reasons stated above, the relief requested is not the least relief necessary as required by Article 6, Section 606, paragraph 4.
 *4. The relief requested would have the potential to establish inadvisable precedents regarding the zoning ordinance and comprehensive community plan and has the increased potential to alter the general character of the surrounding area.
 5. The application does not satisfy the requirements of Article 6, Section 607, paragraph 2.
 *6. The owners presently enjoy the same beneficial use of the property as any other owner of a non-conforming use property."
It is this decision from which the appellants now appeal.
 Standard of Review
Superior Court review of a zoning board decision is controlled by R.I.G.L. 1956 (1991 Reenactment) § 45-24-69(D), which provides:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolouv. Genovesi, 388 A.2d 821, 825 (1978). "Substantial evidence as used in the context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sand and Gravel Co.,Inc., 424 A.2d 646, 647 (R.I. 1981) (citing Apostolou, 388 A.2d 824-25). The court should examine the entire record to determine whether there is substantial evidence to support the board's decision. Salve Regina College v. Zoning Board, 594 A.2d 878
(R.I. 1991).
 Standard for Granting Deviation
"A [dimensional] deviation is relief from restrictions governing a permitted use such as lot-line setbacks, limitations on height, on-site parking, and minimum frontage requirements."[5] Bamber v. Zoning Board of Review of Foster, 591 A.2d at 1223 (citing Felicio v. Fleury, 557 A.2d 480 (R.I. 1989)). When a deviation is sought from regulations that govern the enjoyment of a permitted use, the applicant need not show that the enforcement of regulations results in the deprivation ofall beneficial use of the property, but rather that the applicant will prevail upon a demonstration that the effect of such enforcement will amount to something more than a mere inconvenience. H.J. Bernard Realty Co. v. Zoning Board of Review,192 A.2d 8, 11 (R.I. 1963); Viti v. Zoning Board of Review, 166 A.2d 11, 213 (R.I. 1960).
Since these appellants are seeking a dimensional deviation they also carry the burden of demonstrating that denial of their requested relief will leave no other reasonable alternative to enjoy a legally permitted use of their property. Furthermore, "the hardship from which the applicant[s] seek relief [must be] due to the characteristics of the surrounding land or structure and not to the general characteristics of the surrounding area; and not due to an economic or physical disability of the applicant." Apostolou, 388 A.2d 825 citing R.I.G.L 45-24-41
(c)(1).
A. Appellant's Hardship Is Not More Than a Mere Inconvenience
The appellants argue that the denial of their request does
constitute hardship that is more than a mere inconvenience. In support of this argument, the appellants first rely in part on the testimony of their expert, Paul J. Hogan.[6] Mr. Hogan testified before the Board that, in his opinion, §§ 303 and 703 prohibit the kind of renovations that the appellants were seeking to undertake on their property. He further testified that this prohibition amounted to hardship because "it prevents them from taking a home they own to modernize it and to upgrade it into their own residence."
In addition to their expert, the appellants also rely onDickinson v. Killheffer, 497 A.2d 307 to support their claim that they are suffering undue hardship.
 "Assuming, without deciding that the zoning ordinances of the Town of Charlestown would control or be relevant to the division of real estate, we believe that an application for deviation from side lot requirements should pose no insurmountable problem. See Viti vs. Zoning Board of Review of Providence, 92 R.I. 59, 166 A.2d 211 (1960). It may well be that a denial of a petition under those circumstances would constitute an abuse of the Zoning Board's discretion." Dickinson, p. 313.
This Court, after reviewing the Dickinson decision in its entirety, is convinced that the language cited by the appellants is dicta. Therefore, while seemingly on point, this particular language is not binding and has no precedential value that must influence the decision of this Court. Having so decided, the appellants claim that "the Bucklin's circumstances are even more compelling [than those in Dickinson] for granting a dimensional variance because of the fact that they cannot renovate and modernize houses, and are only allowed to perform maintenance and repairs necessary to make the house safe," does not sway this Court.
It is well established that "economic impracticability does not constitute more than a mere inconvenience." Apostolou v.Genovesi, 388 A.2d 821, 825 (1978). Furthermore, the need for a larger home to accommodate an increase in family size also does not constitute more than a mere inconvenience. Didonato v. ZoningBoard of Review of the Town of Johnston, 242 A.2d 416 (1928). Additionally, the court in Lincoln Plastic Products Co. v. ZoningBoard of Review, 242 A.2d 301 (1968) denied relief where the applicants merely established their personal preferences for a proposed structure. Applying these guidelines to the facts at bar, it is clear that appellants' situation neither rises above the level of mere inconvenience nor does it deprive the appellants of fully enjoying their land.
B. Full Enjoyment
The Zoning Board found that under the Jamestown ordinances, these owners retain the right to occupy and renovate the existing structures. They are only restricted from expanding orstructurally altering the existing houses. The appellants assert that even if this Court subscribes to the Zoning Board's reading of § 703 and finds that they are permitted to make any changes to their home as long as they do not enlarge, extend, structurally alter or reconstruct the building, this interpretation still prevents them from fully enjoying the permitted use.
It is undisputed that appellants own two residences that happen to have been built on the same lot, and, that since 1972, they have maintained one as a primary residence and used the other as rental property. Having since raised their children, the appellants would like to live in the smaller of the two houses and use the larger one as the income producing entity. Since the smaller of the two existing structures is still larger than these appellants prefer, they seek to make some structural alterations. In other words, the consequence of a denial of their request is that they will be living in a house they feel is too large for two people.
It is the opinion of this Court, that this consequence is not sufficient to qualify as denial of full enjoyment of one's property. A showing that full enjoyment of the permitted use is impaired by factors which merely inconvenience the owner in such enjoyment is not sufficient to justify a grant of relief.Westminster Corp. v. Zoning Board of Review of Providence,238 A.2d 353 (R.I. 1968). Therefore, while sympathetic to the appellants desire to rebuild a house that more closely conforms to their lifestyle, this desire does not rise to the level of hardship by which this court must measure these claims.
Finally, these appellants are faced with a plethora of options for enjoying their homes. It is the Zoning Board's belief, as stated in their findings, that § 704 allows these appellants to apply for a special use variance. Acknowledging this reading of § 704, without deciding its validity, this Court finds that the board has highlighted another route for the appellants to take. Additionally, § 703 on its face, permits renovation and modernization of appellants' homes, it merely prohibits structural changes. These are workable alternatives that support a conclusion that a dimensional deviation is not the least relief necessary to these appellants.
For the aforementioned reasons, review of the entire record reveals that the Zoning Board did not exceed the authority granted it by statute and ordinance. Additionally, the board's decision was not arbitrary or capricious, an abuse of discretion, or clearly erroneous in view of the reliable, probative and substantial evidence of the whole record. Accordingly, the decision of the Zoning Board is affirmed.
Counsel shall prepare the appropriate judgment for entry.
[1] This property is located in Jamestown's residential RR80 zone.
[2] Section 303 — Number or Residential Structures PerLot. No more than one principal residence shall be permitted on a lot in any residential district. This provision, however, shall not be construed to limit the number of multi-family residential structures, hotels, or motels constructed in full accordance with all applicable provisions of this Ordinance.
[3] According to the testimony of the Bucklins' expert, "the south cottage is too large for them. What they want to do is renovate and have a smaller home on the site that is presently the north cottage." The appellants' memorandum states that "the proposed subdivision has two lots with equal frontage on East Shore Road of 107 feet, where 200 feet is required. There are lot areas of 74,744 square feet and 70,447 square feet, respectively, for each lot where 80,000 square feet is required. The dividing line between the two houses is done in a manner so that the side yard set back for each house is 24 feet where 30 feet is required."
* The appellants argue that these starred reasons are "inappropriate" bases to deny relief. This Court agrees that some of the Board's findings enumerated in their decision are not sufficient grounds for a denial because they are merely speculations not grounded in facts represented in the record presented for review. However, their inclusion constitutes harmless error.
[5] In contrast, "A `true' variance is relief to use land for a use not permitted under the applicable zoning ordinance." Bamberv. Zoning Board of Review of Foster, 591 A.2d 1220 (R.I. 1991);see also Westminster Corp. v. Zoning Board of Review ofProvidence, 238 A.2d 353, 356, (1968).
[6] Mr. Hogan is a licensed broker and appraiser, qualified as an expert on behalf of the Bucklins at the Zoning Board hearing.