DECISION
Before this Court is an appeal from a decision of the Zoning Board of Review of the Town of Middletown ("the Board"), which granted Thomas Moloney and Barbara Moloney ("Applicants") a dimensional variance. Margaret L. Palmer ("Appellant") seeks reversal of the Board's decision. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 Facts and Travel
The lot in question is located at 221 Tuckerman Avenue in Middletown, Rhode Island and is known as Tax Assessor's Plat 116SE, Lot 33. The property is located in an R-10 Residence District, which requires 10,000 square feet minimum lot size for single family dwellings. (Zoning Ordinance of the Town of Middletown, § 603.) The subject lot, consisting of 6400 square feet, is non-conforming. (Petition for Variance Addendum of Facts.) The property is currently used as a single-family residence, with 1483 square feet of living area. Id. *Page 2 
Applicants purchased the lot in April of 2006. (Hearing Tr. at 30.) In January 2008, Applicants sought a dimensional variance in order to "reconstruct" the first floor of the residence and to "add a full second story." (Petition for Variance.) Specifically, Applicants requested to increase lot coverage from 37.5% to 40.9% (25% allowed) and to reduce the front yard setback from 14' 5.5" to 10' 7.5" (25' required). Applicants stated the reason for seeking relief was "to gain needed living space" and "to take advantage of the spectacular view." (Petition for Variance, Addendum of Facts.)
The Board held a properly noticed public hearing on the Applicants' petition on February 26, 2008. Appellant, although represented by counsel, did not present any witnesses to oppose the application. Conversely, several individuals at the hearing spoke in support of the proposal. John Grosvenor, Applicants' architect, whose qualifications to offer expert testimony were presented before the Board (Hearing Tr. at 4), testified regarding the extent of the anticipated renovations. (Hearing Tr. at 4-26.) In his testimony, Mr. Grosvenor outlined a plan that entailed "keeping the first floor and the foundation" of the Applicants' residence intact and "building up a second story and a roof." (Hearing Tr. at 7.) Mr. Grosvenor further testified that revisions were made to the original renovation plans in an effort to accommodate concerns voiced by some of the Applicants' neighbors. (Hearing Tr. at 9-10.)
Applicant Thomas Moloney also testified at the hearing. (Hearing Tr. at 29-40.) Mr. Moloney opined that the proposed renovations, with respect to lot coverage and structure size, were in keeping with the character of other properties in the neighborhood. (Hearing Tr. at 32-34.) Additionally, in response to questions from Appellant's counsel, Mr. Moloney acknowledged that the proposed renovations were undertaken primarily to accommodate occasional visits from members of his family. (Hearing Tr. at 34-35.) *Page 3 
At the conclusion of the hearing, the Board unanimously approved the proposed dimensional variances by a vote of 5-0. (Hearing Tr. at 57.) In April 2008, the Board issued a two-and-one-half page written decision formally granting the Applicants' petition. (Decision at 3.) The Board's written decision was recorded on April 23, 2008. Id. Appellant thereafter filed a timely appeal to this Court.
On October 16, 2008, this Court remanded this matter to the Board on the grounds that the Board's written decision failed to make findings of fact and conclusions of law sufficient to fulfill the requirements set forth in § 45-24-41(c) and (d) of the State Zoning Enabling Act and § 904 of the Middletown Zoning Ordinance. On remand, this Court directed the Board to prepare a decision addressing whether the evidence in the record established that the Applicants had satisfied all of the preconditions that accompany issuance of a valid dimensional variance. Consequently, on October 28, 2008, the Board published a document entitled Further Findings of Fact and Conclusions of Law ("Further Findings"). Appellant continues to seek reversal of the Board's decision claiming that the Board's findings of fact and conclusions of law as set forth in its Further Findings are clearly erroneous because the Board's conclusions are unsupported by substantial evidence in the record.
 Standard of Review
This Court's review of a zoning board's decision is governed by § 45-24-69(d), which provides:
 The Court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: *Page 4 
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When reviewing a zoning board decision, a justice of the Superior Court may not "substitute [his or her] judgment for that of the zoning board if [he or she] conscientiously find[s] that the board's decision was supported by substantial evidence." Apostolou v. Genovesi,120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence . . . means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means [an] amount more than a scintilla but less than a preponderance." Lischio v. Zoning Bd. of Review of NorthKingstown. 818 A.2d 685, 690 n. 5 (R.I. 2003) (quoting Caswell v. GeorgeSherman Sand Gravel Co. . Inc.. 424 A.2d 646, 647 (R.I. 1981)). Conclusional or insufficient evidence warrants the reversal of a zoning board's decision. Hopf v. Bd. of Review of City of Newport.120 R.I. 275, 288-89, 230 A.2d 420, 428-29 (1967).
 Dimensional Variance
The legal standards that a zoning board is required to apply when deciding to issue a variance are set forth in § 45-24-41(c), which mirrors § 904 of the Middletown Zoning Ordinance. In accordance with these standards, variance applicants must present evidence to a zoning board of review demonstrating: *Page 5 
 (1) That the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area; and is not due to a physical or economic disability of the applicant;
 (2) That the hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 (3) That the granting of the requested variance will not alter the general character of the surrounding area or impair the intent or purpose of the zoning ordinance or the comprehensive plan upon which the ordinance is based; and
 (4) That the relief to be granted is the least relief necessary.
In addition, when an applicant seeks a dimensional variance, § 45-24-41(d)(2) provides that zoning boards of review must require entry of evidence into the record of the proceedings establishing that "the hardship suffered by the owner of the subject property if the dimensional variance is not granted amounts to more than a mere inconvenience." With respect to this last statutory requirement, an applicant must show "more than that the varying of the proscribed regulation is for him a preferable alternative to compliance therewith, where compliance might be had, albeit with some inconvenience."H.J. Bernard Realty Co., Inc. v. Zoning Board of Review of the Town ofCoventry, 96 R.I. 390, 394, 192 A.2d 8, 11 (1963).
 Decision of the Zoning Board
In the instant matter, the Board's initial written decision formally granting the Applicants' petition for a dimensional variance set forth the following conclusions of law:
 The petitioner's hardship is due to the unique size, location and configuration of the non-conforming lot and existing structure. It is not due to the general characteristics of the surrounding area, nor to a physical or economic disability to the petitioner. It does not result primarily from the desire of the petitioner to realize greater financial gain. The granting of the requested relief will not alter *Page 6 
the character of the surrounding area or impair the intent or purpose of the ordinance or the comprehensive plan upon which the ordinance is based. (Decision at 2.)
Nothing in the Board's initial written decision informed this Court of the grounds upon which the Board concluded that each requirement of § 45-24-41(c) had been fulfilled. Moreover, the Board's terse decision made no effort to address the additional mandate of § 45-24-41(d)(2), requiring entry of evidence into the record establishing that "the hardship suffered by the owner of the subject property if the dimensional variance is not granted amounts to more than a mere inconvenience." Accordingly, this Court remanded the case and directed the Board to prepare a decision containing further findings addressing whether the evidence in the record established that the Applicants had satisfied all of the preconditions that accompany issuance of a valid dimensional variance.
The Board's Further Findings again reached the conclusion that the Applicants had adequately demonstrated evidence satisfying the requirements set forth in § 45-24-41(c) and § 45-24-41(d)(2). (Further Findings at 3.) In support of its conclusion that the Applicants had adequately demonstrated evidence establishing a hardship amounting to "more than a mere inconvenience" under § 45-24-41(d)(2), the Board cited the following facts:
 Without at least the relief requested, the owner cannot bring the house to contemporary standards for a single family dwelling. Being unable to use the subject property for a permitted use is more than a mere inconvenience. Similarly, being able to use the subject property in a way consistent with neighbor's use of their own property is more than a mere inconvenience. (Further Findings at 3-4.)
On appeal, Appellant Palmer continues to seek reversal of the Board's decision, claiming that the Board's findings of fact and conclusions of law as set forth in its Further Findings are clearly erroneous because the Board's conclusions are unsupported by substantial evidence in the *Page 7 
record. Conversely, Applicants Thomas and Barbara Moloney and the Zoning Board of Review of the Town of Middletown argue that, pursuant to the applicable standard of review, the Board's decision to grant the Applicants a dimensional variance should not be disturbed.
 More than a Mere Inconvenience
In Viti v. Zoning Board of Review of Providence, 166 A.2d 211 (R.I. 1960), our Supreme Court established that issuance of a valid dimensional variance is preconditioned on a dimensional variance applicant's ability to demonstrate that a denial of the request for dimensional relief would result in a hardship amounting to more than a mere inconvenience. Id. at 213-14. Referred to as the Viti doctrine, this principle constituted the standard applicable to dimensional variance applicants in Rhode Island for over three decades.
However, the General Assembly vitiated the validity of theViti doctrine by enacting the Rhode Island Zoning Enabling Act of 1991. The 1991 act defined the phrase "more than a mere inconvenience" as meaning "that there is no other reasonable alternative to enjoy a legally permitted beneficial use of one's property." P.L. 1991 ch. 307, § 1. Consequently, from 1991 until 2002, our Supreme Court adhered to and applied this heightened standard. See von Bernuth v. Zoning Board ofReview. 770 A.2d 396 (R.I. 2001); Sciacca v. Caruso. 769 A.2d 578 (R.I. 2001).
Subsequently, in 2002, the General Assembly amended the Zoning Enabling Act by deleting the definitional language of P.L. 1991 ch. 307, § 1, thereby resurrecting the dimensional variance standard established in Viti. See P.L. 2002, ch. 384, § 1. As such, dimensional variance applicants must once again show that any hardship caused by the denial of the request for dimensional relief amounts to "more than a mere inconvenience." Section 45-24-41(d)(2); *Page 8 see also Lischio v. Zoning Bd. of Review of Town of NorthKingstown, 818 A.2d 685, 692 (R.I. 2003). Though the presently applicable standard is less demanding than the 1991 iteration, dimensional variance applicants still shoulder the burden of demonstrating that the hardship that would befall them if the desired variance is not granted constitutes "more than a mere inconvenience" based on the evidence in the record.
It is well-settled that an applicant cannot qualify for a dimensional variance "simply by showing that [he or she] will be inconvenienced if relief is not granted." 3 Kenneth H. Young, Anderson's American Law ofZoning, § 20.54 (4th ed. 1996); see also Dudley LawrenceCorp. v. Eisenberg, 29 A.D.2d 686 (N.Y.App.Div. 1968) (holding that frustration of a landowner's building plans by a zoning ordinance does not warrant a dimensional variance). Further, with respect to personal problems of applicants, a dimensional variance "will not be affirmed if it is granted solely to relieve a problem which is personal to the applicant rather than one especially affecting the lot in question." Young at § 20.55; see also Chrin v. Zoning Hearing Bd., 561 A2d 833
(1989 Pa. Commw.) (holding that a growing family was not a circumstance related to the unique character of the land).
Our Supreme Court has previously addressed the issue of what amounts to "more than a mere inconvenience" in the context of an application for a dimensional variance in DiDonato v. Zoning Bd. of Review of Town ofJohnston. 104 R.L 158, 242 A.2d 416 (R.L 1968). The applicant therein sought a dimensional variance in order to build a new, larger house on the lot where his existing home then stood. Id. at 418. The applicant stated as grounds for the relief sought that he needed a larger home because his family had increased in number. Id. In affirming the zoning board's denial of the applicant's request for relief, the Court stated that the applicant had "shown merely that he would suffer a personal inconvenience in having to house *Page 9 
his family in a dwelling which must conform to the lot-line restrictions imposed by the ordinance. [The applicant] failed to establish that the ordinance places more than a mere inconvenience upon him." Id. at 420. The Court went on to state that "[i]n so holding, we define the words `more than mere inconvenience' to mean that an applicant must show that the relief he is seeking is reasonably necessary for the full enjoyment of his permitted use." Id.
In the instant matter, the Court finds that the Board's Further Findings fail to properly explain how the evidence in the record supports the Board's conclusion that the Applicants have adequately established the existence of a hardship amounting to more than a mere inconvenience under § 45-24-41(d)(2). At the February 26, 2008 Board hearing, the Applicants' architect, John Grosvener, gave the following testimony in response to questions from Appellant's attorney:
 Q: Is there a reason the present structure can't be used as a year-round structure?
 A: It's too small for [the Applicants'] program. (Hearing Tr. at 25:17-19.)
Applicant Thomas Moloney also testified at the hearing. In answering questions posed by his own counsel, Mr. Moloney testified as follows:
 Q: Is the house, as currently configured, suitable for your needs?
 A: No.
 Q: Why is that?
 A: We have three children, and one lives here in Middletown, but the other two live on Long Island and up in Massachusetts. From time to time, they would visit, during the holidays and things like that, and we have grandchildren, as well. So, we do need the three bedrooms. (Hearing Tr. at 30.) *Page 10 
Subsequently, when questioned by Appellant's counsel, Mr. Moloney responded in the following manner:
 Q: Is it fair to say you are seeking these variances to accommodate visits from your family?
 A: That is correct.
 Q: Are there any other reasons you are seeking these variances?
 A: No. (Hearing Tr. at 25:17-19, 34:21-35:1.)
Aside from these terse colloquies, the record in the instant matter provides no other evidence bearing on the degree of Applicants' asserted hardship.
In the case at bar, the uncontroverted testimony offered by both Applicant Thomas Moloney and his architect John Grosvener attests to the fact that the Moloneys' current residence, as presently constituted, is habitable year-round. The renovations at issue appear calculated to achieve a desired lifestyle rather than borne out of necessity in order to effectuate full enjoyment of the permitted use. However, a variance applicant must show "more than that the varying of the proscribed regulation is for him a preferable alternative to compliance therewith, where compliance might be had, albeit with some inconvenience."Bernard Realty Ca, 96 R.I. at 394, 192A.2datll.
Like the applicant in DiDonato, who sought a dimensional variance in order increase the size of his home because his family had increased in number, the Applicant in the present case "has shown merely that he would suffer a personal inconvenience in having to house his family in a dwelling which must conform to the lot-line restrictions imposed by the ordinance." Id. at 420. In fact, the applicant in DiDonato was seeking to expand the size of his home to accommodate year-round occupants. The Applicants in the instant matter are seeking to expand *Page 11 
the size of their residence to accommodate visits from family members "during the holidays." (Hearing Tr. at 30.) Because the asserted year-round hardship in DiDonato only amounted to a mere "personal inconvenience," it follows that the seasonal hardship asserted in the present case does not even rise to that level.
While sympathetic to the Applicants' desire to renovate their house in a way that allows them to achieve their sought-after lifestyle, this desire does not rise to the level of hardship by which this Court must measure the claim. See DiDonato, 242 A.2d at 420. Any other result would leave zoning boards free "to cater to the convenience of landowners and to tailor the relief they authorize to the whims and caprices of applicants." Travers v. Zoning Bd. of Review, 101 R.I. 510, 514,225 A.2d 222, 225 (1967) (Joslin, 1, dissenting). Because the only evidence before the Board tended to prove that which was contrary to its decision regarding the § 45-24-41(d)(2) criterion, the Board's decision was clearly erroneous under § 45-24-69(d)(5) in view of the reliable, probative, and substantial evidence of the whole record. Accordingly, the Board's approval of the Applicants' petition constituted an abuse of discretion under § 45-24-69(d)(6). Therefore, the decision of the Board granting the Applicants a dimensional variance is reversed.
 Conclusion
For the foregoing reasons, the Board's decision to grant the Applicants a dimensional variance was clearly erroneous under § 45-24-69(d)(5) in view of the reliable, probative, and substantial evidence of the whole record. Further, the Board's approval of the Applicants' petition constituted an abuse of discretion under § 45-24-69(d)(6). Accordingly, substantial rights of the Appellant have been prejudiced. Therefore, the decision of the Board granting the Applicants a dimensional variance is reversed. *Page 1